IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTINA R. H., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:24-CV-563-KFP |
| LELAND DUDEK,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand to Defendant. Doc. 19. Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence, or the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). The parties in this case consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 20, 21.

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Michelle King as the defendant in this suit.

Upon consideration of Defendant's motion, the Court finds reversal and remand necessary. The Commissioner concedes that remand is necessary and requests that the case be remanded to the administrative law judge, who will undertake further administrative proceedings and issue a new decision.

Accordingly, it is ORDERED that the Commissioner's motion is GRANTED and that the decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g) consistent with the Commissioner's motion.

It is further ORDERED, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), that Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 27th day of March, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE